IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER HORTON<br>155 South Towne Lane, Apt D.<br>Delaware, Ohio, 43015<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RADIANT KIDS CHILDCARE, INC.<br>c/o Christopher Gross, Statutory Agent<br>7100 Post Road<br>Dublin, Ohio, 43016<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR VIOLATIONS OF**<br>**THE FAIR LABOR STANDARDS**<br>**ACT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff, Heather Horton, by and through undersigned counsel, as her Complaint against Defendant Radiant Kids Childcare, Inc. ("Radiant"), states and avers the following:

## **PARTIES**

1. Horton is a resident of the city of Delaware, county of Delaware, state of Ohio.

2. Radiant is a domestic non-profit corporation with a principal place of business located at 4506 Belmont Avenue, Youngstown, Ohio, 44505.

## **PERSONAL JURISDICTION**

3. Defendant hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

4. Horton performed work in this judicial district, was paid unlawfully by Defendant pursuant to work performed in this district and/or was hired out of this district.

5. This cause of action arose from or relates to the contacts of Defendant with Ohio residents, thereby conferring specific jurisdiction over Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE.

6. This Court has jurisdiction over the subject matter of this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Horton's state law claims because those claims derive from a common nucleus of operative facts.

8. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE.

9. At all times referenced herein, Radiant formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

10. At all times referenced herein, Radiant qualified as a "named enterprise" under the FLSA. See 29 U.S.C. § 203(s)(1)(B)

11. During all times material to this Complaint, Defendant was Horton's "employer" within the meaning of Section 3(d) of FLSA, 29 U.S.C. § 203(d); Section34a, Article II, of the Ohio Constitution; and the Ohio Minimum Fair Wages Standards Act ("OMWFSA").

12. At all material times, Defendants were employers within the meaning of the FLSA and the OMFWSA.

## STATEMENT OF FACTS.

13. Radiant operates as a daycare center and/or preschool.

14. Despite operating as a preschool, Radiant is not licensed by the Ohio Department of Education.

15. At all times referenced herein, Radiant was licensed by the Ohio Department of Jobs and Family Services as a Child Care Center.

16. Horton is a former employee of Radiant.

17. Horton was first hired by Radiant as a "Toddler Teacher" on or around April 1, 2019.

18. Horton did not require a license or specialized education to work for Radiant as a Toddler Teacher.

19. Horton did not work for Radiant in a bona fide executive, administrative, or professional capacity as that term is defined by 29 U.S.C § 213(a)(1).

20. At all times referenced herein, Horton was paid on an hourly basis.

21. Horton was scheduled to work nine (9) hour shifts, from 8:15am to 5:15pm, Monday through Friday.

22. At all times referenced herein, Radiant automatically deducted one hour from each shift Horton worked for a lunch break.

23. At all times referenced herein, Horton was required to complete daily lesson plans.

24. Horton had no time to complete lesson plans when she was actively watching children.

25. Lesson plans were not to be written while children were present because complete attention must be given to supervising the children.

26. Lesson plans had to be completed on-site using a Radiant computer.

27. At all times referenced herein, Horton was directly supervised by Amanda Ames, an Assistant Director for Radiant.

28. Horton asked Ames for guidance regarding how to complete her lesson plans given time constraints.

29. Horton told Ames she did not know when she should be working on her lesson plans given her child supervision responsibilities.

30. Ames told Horton that she should do her lesson plans before the day started at 8:15am or during her lunch break.

31. At all times referenced herein, Horton's own child attended Radiant.

32. Due to Horton's own responsibilities as a parent, she could not complete lesson plans in the morning.

33. Based on Ames' direction, Horton completed her lesson plans during her lunch break.

34. Horton was unaware of any mechanism to get paid for the time she spent completing lesson plans during her lunch break.

35. Radiant maintained no written policy regarding time reporting.

36. The only instruction Horton ever received regarding time reporting was to clock in at 8:15am and to clock out at 5:15pm.

37. As a result of working through her lunch break at the direction of Ames, Horton worked more than forty (40) hours per week.

38. Horton was not paid overtime despite regularly working in excess of forty (40) hours per week.

39. Horton's employment with Defendant ended on September 19, 2020.

40. As a direct and proximate result of Defendant's conduct, Horton has suffered and will continue to suffer damages.

**COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
(29 U.S.C. § 207(a)(1)).**

41. Horton restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

4

42. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

43. Horton was not exempt from the right to receive overtime pay under the FLSA during her employment with Defendant.

44. Horton is entitled to be paid overtime compensation for all overtime hours worked.

45. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of 40 hours per week.

46. As a result of Defendants' failure to properly compensate their employees, including Horton, at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

47. Horton is entitled to damages in the amount of her unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including her attorneys' fees and costs.

48. At all times relevant to this action, Defendants willfully failed and refused to pay Plaintiff overtime wages required by the FLSA, causing Plaintiff to suffer damage in amounts to be proven at trial.

49. Defendants either recklessly failed to investigate whether their failure to pay Horton an overtime wage for the hours she worked in excess of 40 per week during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Horton to believe that Defendants were not required to pay her overtime wages, and/or Defendants concocted a scheme pursuant to which they deprived Horton the overtime pay she earned.

50. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

52. Horton requests recovery of her attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b)

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME.**

53. Horton incorporates by reference the allegations in the preceding paragraphs.

54. Defendant has been, and continues to be, an "employer" within the meaning of the OMFWSA.

55. Defendants has employed and continues to employ, "employees," within the meaning the OMFWSA.

56. Horton was an employee of Defendant as that term is defined by the OMFWSA.

57. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

58. Defendants failed to pay Horton overtime for hours she worked in excess of 40 per week.

59. In denying Horton overtime compensation, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

60. As a direct and proximate result of Defendant's unlawful conduct, Horton has suffered and will continue to suffer a loss of income and other damages.

61. Having violated the OMFWSA, Defendants are joint and severally liable to Horton pursuant to O.R.C. § 4111.10 for the full amount of her unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Horton for an amount equal to twice her unpaid wages. O.R.C. § 4111.14(J).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Heather Horton requests judgment against Defendant and for an Order:

a. Awarding Plaintiff unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff in an amount to be determined at trial;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

d. Issuing a declaratory judgment that Defendants violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a), and the OMWFSA, R.C. § 4111.08;

e. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

f. Awarding pre-judgment and post-judgment interest as provided by law;

g. Awarding reasonable attorneys' fees and costs; and

h. Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorneys for Plaintiff Heather Horton*

## JURY DEMAND

Plaintiff Heather Horton demands a trial by jury by the maximum number of jurors permitted.

> */s/Chris P. Wido*
> Chris P. Wido (0090441)
> **THE SPITZ LAW FIRM, LLC**